## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

GLAXO GROUP LIMITED,

    Plaintiff and
    Counterclaim-Defendant,

    v.

CYPRESS PHARMACEUTICAL, INC.,

    Defendant and
    Counterclaim-Plaintiff.

)
)
)
)
)
)
)
)
)
)
)
)
)
)

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 10/30/07

Civil Action No. 07-6012

Hon. Richard J. Holwell

### JOINT RULE 26(f) REPORT

In anticipation of the Initial Scheduling Conference to be held on September 6, 2007 at

10:00 a.m., Plaintiff, Glaxo Group Limited ("Glaxo"), and Defendant, Cypress Pharmaceutical.

Inc. ("Cypress"), by and through their undersigned attorneys, hereby submit the following Rule

26(f) Report.

Glaxo's position: The September 6, 2007 Initial Scheduling Conference will be

necessary. This is a complex patent case and Glaxo's proposed trial schedule is well within the

30 month time period provided for in the Hatch-Waxman statute for resolution of this matter.

Contrary to Cypress' position, Glaxo's proposed schedule proposes trial before expiration of the

patent in suit due to additional exclusivity which attaches to the patent by the FDA.

Cypress' position: Cypress' proposed Scheduling Order calls for the filing of the Pretrial

Order no more than nine months from the date of the July 16, 2007 Initial Scheduling

Conference Notice and Order. However, because Glaxo's proposed Scheduling Order

necessitates the filing of the Pretrial Order more than twenty-one months from the date of the

Initial Scheduling Conference and Order (and after the patent-in-suit expires on November 26, 2008), the September 6, 2007 Initial Scheduling Conference will be necessary. Glaxo's strategy seems to be designed to ensure that this case cannot be resolved prior to patent expiration. For example, Glaxo has informed Cypress that it will require Cypress to use the Hague Convention to obtain discovery from former Glaxo employees, including the inventor of the patent-in-suit and the scientist who submitted the Declaration to the Patent Office that resulted in issuance of the patent-in-suit.

The parties, having satisfied their obligations under Fed. R. Civ. P. 26(f), set forth their respective proposed schedules as follows (where there is no disagreement, only one date is submitted):

## 1.    Description of the Case

(a)    The attorneys of record for Glaxo in this civil action are Brian P. Murphy (lead trial attorney), David Leichtman, Thomas J. Puppa, Bryan Vogel, and Oren Langer of Morgan Lewis & Bockius LLP. The attorneys of record for Cypress in this civil action are Steven Lieberman (lead trial attorney), Minaksi Bhatt, Glenn E. Karta, and Thomas D. Lyford of Rothwell, Figg, Ernst & Manbeck, P.C. and Eric Seiler of Friedman Kaplan Seiler & Adelman LLP.

(b)    This Court has subject matter jurisdiction over this civil action based on Glaxo's allegation of patent infringement under the patent laws of the United States, Title 35, United States Code and 21 U.S.C. §355. In addition, this Court has subject matter jurisdiction over Cypress' counterclaim for declaratory judgment of invalidity and/or non-infringement under 28 U.S.C. §§ 2201, 1331, and 1338.

2

(c)     In its Complaint, Glaxo alleges that Cypress has infringed the claims of U.S. Patent No. 5,068,249 ("the '249 patent") under 35 U.S.C. § 271(e)(2) by filing its Abbreviated New Drug Application No. 78-779 ("ANDA"), seeking approval from the United States Food & Drug Administration ("FDA") to market its Ranitidine Oral Syrup, 15 mg/ml. By its Counterclaims, Cypress seeks a declaration that the '249 patent is invalid under Title 35, United States Code, and that Cypress' filing of its ANDA did not infringe any valid claim of the '249 patent.

(d)     This civil action seeks to resolve whether the '249 patent is valid and enforceable under Title 35, United States Code, and whether Cypress infringed the '249 patent by filing its ANDA requesting the FDA's approval to market its Ranitidine Oral Syrup, 15 mg/ml.

(e)     Glaxo prays that this Court enter judgment declaring that Cypress infringed the '249 patent; declaring that the effective date of any approval of Cypress' ANDA be no earlier than the expiration date of the '249 patent and any associated period of exclusivity; declaring that Cypress is preliminarily and permanently enjoined from infringing the '249 patent; and awarding Glaxo costs, expenses and reasonable attorney fees and such further relief that this Court deems just and proper.

Cypress prays that this Court enter judgment dismissing Glaxo's Complaint with prejudice and denying each and every prayer for relief contained therein; declaring that the '249 patent is invalid, unenforceable, and/or not infringed; and awarding Cypress costs, expenses and reasonable attorney fees and such further relief that this Court deems just and proper.

2.    **Proposed Case Management Plan**

3

(a)    **Pending Motions.** No motions are pending in this civil action as of the date of this proposed scheduling order.

(b)    **Joinder of Other Parties.**

All motions to join other parties shall be filed on or before **November 16, 2007.**

(c)    **Amendment of the Pleadings.**

All motions to amend the pleadings shall be filed on or before **November 16, 2007.**

(d)    **Discovery.**

    (i)    **Pre-Discovery Disclosures.**

The parties will exchange by **September 21, 2007** the information required by Fed. R. Civ. P. 26(a)(1).

    (ii)    **Fact Discovery.**

~~Cypress' proposal:~~ ~~The parties shall complete fact discovery by~~ **December 21, 2007.** All interrogatories, depositions, requests for admissions, and requests for production shall be served within sufficient time to allow responses to be completed prior to the ~~close of discovery.~~

~~Glaxo's proposal:~~ The parties shall complete fact discovery by February 15 ~~July 6,~~ 2008. All interrogatories, depositions, requests for admissions, and requests for production shall be served within sufficient time to allow responses to be completed prior to the close of discovery.

4

(iii)    **Rule 26(a)(2) Disclosures.**

Cypress' proposal: ~~Experts on issues where the party bears the~~ ~~*p*~~

burden of proof at trial shall be identified in accordance with Rule

~~26(a)(2)~~ by **January 11, 2008.** ~~*k*~~

~~*y*~~    ~~Glaxo's proposal:~~ Experts on issues where the party bears the

burden of proof at trial shall be identified in accordance with Rule    ~~*f*~~

26(a)(2) by ~~March 6,~~ 2008.    *February 15,*

(iv)    **Expert Discovery.**

Cypress' proposal: ~~Opening expert reports on issues where the~~

party bears the burden of proof at trial shall be served by **January**

**11, 2008,** and rebuttal expert reports shall be served by **February**

**8, 2008.** Expert depositions shall commence on **February 11,**

~~2008~~ and be completed by ~~April 1, 2008.~~

~~*y*~~    ~~Glaxo's proposal:~~ Opening expert reports on issues where the

party bears the burden of proof at trial shall be served by    ~~*y*~~
~~September 21,~~ 2008, and rebuttal expert reports shall be served by    *March 17*
~~October 21,~~ 2008. Expert depositions shall be completed by    *April 14*
~~December 6,~~ 2008.    *May 16*

(e)    **Dispositive Motions.**    *( Subject to this Court's Individual Practices )*

~~*y*~~    ~~Cypress' proposal:~~ Any case dispositive motions, pursuant to the Federal

Rules of Civil Procedure, shall be served and filed with an opening brief    ~~*+*~~
on or before ~~April 4,~~ 2008. Briefing shall proceed pursuant to Local Civil    *June 16*

Rule 6.1.

~~Glaxo's proposal: Any case-dispositive motions, pursuant to the Federal~~
Rules of Civil Procedure, shall be served and filed with an opening brief
on or before **February 6, 2009**. Briefing shall proceed pursuant to Local
~~Civil Rule 6.1.~~

(f)    **Pretrial Order.**

~~Cypress' proposal~~: The parties shall file with the Court their joint

proposed Final Pretrial Order on or before ~~April~~ *June* **16, 2008**. The Court

shall conduct a Pretrial Conference on _____ (date), at

_____ (time). Trial counsel must attend. The parties, or those with

final settlement authority for the parties, shall attend or be available by

phone.

Glaxo's proposal: ~~The parties shall~~ file ~~with the Court their joint proposed~~

Final Pretrial Order on or before **April 6, 2009**. The Court shall conduct a

Pretrial Conference on _____ (date), at _____ (time).

Trial counsel must attend. The parties, or those with final settlement

~~authority for the parties, shall attend or be available by phone.~~

(g)    **Trial Schedule.** This is a Hatch-Waxman action and therefore this case is
to be tried to the Court, without a jury. The parties anticipate that the trial
will take approximately 7 days.

~~Cypress' proposal~~: The parties and counsel shall anticipate and prepare

for a trial to be held commencing *August 4* ~~May 19~~, **2008**, or as soon thereafter as

the Court's schedule permits.

Glaxo's proposal: ~~The parties and counsel shall anticipate and prepare for~~

6

a trial to be held commencing May 6, 2009, or as soon thereafter as the

Court's schedule permits.

3.    **Magistrate Judge.** The parties do not consent to proceed before a Magistrate

Judge.

4.    **Settlement Discussions.** The parties have not yet engaged in any settlement

discussions and do not request a settlement conference at this time.

SO ORDERED

J. R. H.

USDJ

10/28/07

7

DATED: August 17, 2007                    Respectfully submitted,

MORGAN LEWIS & BOCKIUS LLP
Brian Murphy
David Leichtman
101 Park Avenue
New York, NY 10178
Telephone: (212) 309-6000
Facsimile: (212) 309-6001

Attorneys for Plaintiff and Counterclaim-
Defendant Glaxo Group Limited

Eric Seiler
FRIEDMAN KAPLAN SEILER & ADELMAN
1633 Broadway, 46th Floor
New York, NY 10019-6708
(212) 833-1100

Steven Lieberman
Minaksi Bhatt
Glenn E. Karta
Thomas D. Lyford
ROTHWELL FIGG ERNST & MANBECK
1425 K Street, NW, Suite 800
Washington, DC 20005
(202) 783-6040

Attorneys for Defendant and Counterclaim-
Plaintiff Cypress Pharmaceutical, Inc.

1423104_1