IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK



------------------------------x
GLAXO GROUP LIMITED,            :
            Plaintiff,          :
                                :
    v.                          :   2007 Civ. 6012 (RJH)
                                :
CYPRESS PHARMACEUTICAL, INC.,   :
                                :
            Defendant.          :
------------------------------x

**PROTECTIVE ORDER**

WHEREAS, discovery in this action may involve the disclosure of certain documents, things and information in the possession, custody or control of plaintiff Glaxo Group Limited ("Plaintiff") and defendant Cypress Pharmaceutical, Inc. ("Defendant"), or other persons, and that constitute or contain trade secrets or other confidential research, development or commercial information within the meaning of Rule 26(c)(7) of the Federal Rules of Civil Procedure;

WHEREAS, such confidential information must be protected in order to preserve the legitimate business interests of the parties or other persons;

WHEREAS Plaintiff and Defendants have, through counsel, stipulated to the entry of this Protective Order for the purpose of advancing the progress of this case and to prevent unnecessary dissemination or disclosure of such confidential information; and

WHEREAS the parties have established good cause for entry of this Protective Order,

IT IS HEREBY STIPULATED and ORDERED that:

1

### Definitions

1.  The term "Confidential Information" shall mean all non-public information that the Designating Party reasonably believes should be protected from public disclosure because such information (a) is of a competitively sensitive, proprietary, marketing, financial, pricing, technical or trade secret nature or (b) involves privacy interests of individuals. Such information may be contained in, without limitation, the following: initial disclosures; documents and things produced by any party or non-party to this action in response to requests for production of documents and things under Rule 34, Fed. R. Civ. P., in response to subpoena or by agreement; responses to written interrogatories under Rule 33, Fed. R. Civ. P.; responses to requests for admission under Rule 36, Fed. R. Civ. P.; testimony adduced at depositions upon oral examination or upon written questions pursuant to Rules 30 and 31, Fed. R. Civ. P.; hearing or trial transcripts; affidavits and exhibits; and any tangible things or objects that are designated as containing or comprising Confidential Information. The information contained therein and all copies, abstracts, excerpts, analyses or other writings that contain, reflect, reveal, suggest or otherwise disclose such information shall also be deemed Confidential Information. Information originally designated as Confidential Information shall not retain that status after any Order of the Court denying such status to it.

2.  The term "Designating Party" shall refer to each party or non-party designating documents or information as Confidential Information under this Protective Order.

3.  The term "Receiving Party" shall refer to each party receiving documents or information as Confidential Information under this Protective Order or to whom Confidential Information is disclosed.

4.  Notwithstanding anything to the contrary herein, the description "Confidential Information" shall apply to all information so designated by the Designating Party absent an Order of the Court or subsequent written agreement of the Designating Party providing otherwise.

### Designation of Information as Confidential Information

5.  Each Designating Party who produces or discloses any material that it believes contains or comprises Confidential Information shall designate that material as Confidential. With respect to documents or copies provided by one party to the other, the Designating Party shall mark the initial page and the page or pages on which any Confidential Information appears with the legend "CONFIDENTIAL UNDER PROTECTIVE ORDER," or by similar designation using the word "CONFIDENTIAL."

6.  In lieu of marking the original of a document which contains Confidential Information prior to the document's inspection, any such documents being produced for inspection shall be regarded as Confidential Information, thereby making them subject to this Protective Order. However, any copies of such documents must be marked by the Designating Party in accordance with this Protective Order as Confidential at the time copies are provided to the Receiving Party.

7.  If any Confidential Information is produced by a non-party, such non-party shall be considered a "Designating Party" within the meaning of that term as it is used in the context of this Protective Order and all parties to this Protective Order shall be treated as a Receiving Party. The parties recognize that, during the course of this litigation, Confidential Information may be produced that originated with a non-party and for which there exists an obligation of confidentiality. Such information that the Designating Party believes originated with a non-

3

party, but is subject to a confidentiality obligation, may be designated as Confidential Information and shall be subject to the restrictions on disclosure specified in Paragraph 9 herein.

8.   In the event that a Designating Party, through inadvertence, produces or provides documents, things or other information without correctly designating the information as Confidential Information as provided in this Protective Order, the Designating Party may give written notice to the Receiving Party that the documents, things or other information contain Confidential Information and shall be treated as Confidential Information in accordance with the provisions of this Protective Order. The Receiving Party must treat such information as Confidential Information from the date such notice is received. Upon receipt of such notice, and upon receipt of properly marked documents, things or other information, the Receiving Party shall return or destroy said unmarked or incorrectly marked documents, things or other information and not retain copies thereof. Upon notice to the Receiving Party of such failure to designate, the Receiving Party shall reasonably cooperate to correct any disclosure that may have been made to maintain the confidentiality of the inadvertently disclosed information.

### Disclosure of Confidential Information

9.   Except as provided elsewhere in this Protective Order, information designated as Confidential Information shall be disclosed only to the following parties and persons:

   (a)   Outside attorneys of record for each party ("Outside Attorneys") in this case and their partners and associate attorneys, secretaries, paralegals, legal assistants, graphics personnel and other employees or agents retained or hired by Outside Attorneys to work on this case (unless otherwise specified below), including, but not limited to, outside photocopiers and document management services. At present, such Outside Attorneys are Morgan, Lewis & Bockius LLP; Rothwell, Figg, Ernst & Manbeck; and

4

Friedman Kaplan Seiler & Adelman LLP. This provision also shall include any other outside law firms who represent either Plaintiff or Defendants and whose attorneys enter an appearance in this case;

(b)  Any person or firm retained by Plaintiff or Defendants for the purpose of producing graphic or visual aids (excluding graphics personnel employed in-house by Outside Attorneys, which are covered by Paragraph 9(a)), as long as these personnel comply with the procedure of Paragraphs 11 and 20 herein before any Confidential Information is disclosed to them;

(c)  Independent consultants or experts (including, but not limited to, technical consultants, expert witnesses, translators, and interpreters) and their staff who are retained by, or on behalf of, the parties or counsel for the parties for the purposes of this litigation, as long as these personnel comply with the procedure of Paragraphs 11 and 20 herein before any Confidential Information is disclosed to them;

(d)  For each party, two (2) in-house attorneys ("In-House Attorney"), as well as their support staff working on this case, as long as these personnel comply with the procedure of Paragraphs 11 and 20 herein before any Confidential Information is disclosed to them. Prior to any Confidential Information being disclosed to such In-House Attorneys the respective party must notify the other party of the identity of the In-House Attorneys by letter; and

(e)  The Court, Court personnel, and Official Court Reporters to the extent that Confidential Information is disclosed at a deposition or court session which such reporter is transcribing.

The foregoing list may be expanded by mutual agreement, in writing, by counsel for Plaintiff and counsel for Defendants or by Order of the Court. In addition, to the extent that any of the attorneys listed in Paragraphs 9(a) or 9(d) herein are replaced during the course of this litigation, replacement counsel may be substituted in this Protective Order, provided that replacement counsel complies with the procedures set forth above for Outside Attorneys or for an In-House Attorney, as appropriate.

10. In the event that counsel for a party believes it necessary to disclose any Confidential Information to any person not specified in Paragraph 9 as qualified to receive it, said counsel shall notify the Designating Party in writing of (a) the specific information, documents and/or testimony proposed to be disclosed and (b) the person(s) to whom such disclosure is proposed to be made. If an agreement cannot be reached, the party desiring to disclose Confidential Information shall make an appropriate motion and shall bear the burden of showing that the proposed disclosure is reasonably necessary. In the event of such motion, this Court shall rule as to whether the proposed disclosure may be made and whether any restrictions or limitations should be placed on such disclosure.

### Use and Control of Confidential Information

11. Before an individual described in Paragraphs 9(b), 9(c) or 9(d) herein is afforded access to the Designating Party's Confidential Information, the party seeking disclosure shall provide notice to the Designating Party by furnishing the identity of the individual and a signed Declaration of Compliance with the Protective Order ("Declaration") (in the form attached as Exhibit 1 hereto). For an individual described in Paragraph 9(c), the party seeking disclosure shall also furnish the individual's current resume or *curriculum vitae*. The Designating Party shall have ten (10) business days after receiving such notice to object in writing, setting forth the

specific grounds for the objection, to the disclosure of Confidential Information to the individual (the "Designated Individual"). If timely objection is made, the parties shall attempt in good faith to resolve the disclosure issue. If the issue is not resolved, the Designating Party shall within twenty (20) business days after providing such objection file a motion before the Court seeking to prevent disclosure of such Confidential Information to the Designated Individual. The burden shall be on the Designating Party to show the Court good cause why the disclosure should not be made. If the Designating Party does not timely object or bring such a timely motion, Confidential Information may be disclosed to the Designated Individual. Otherwise, if a timely objection is made or a timely motion is filed, no Confidential Information of the Designating Party shall be disclosed to the Designated Individual, except by further Order of the Court or subsequent written agreement between the parties.

12. All information designated as Confidential Information pursuant to this Protective Order and disclosed in this litigation shall be used by a Receiving Party solely for the purposes of this litigation and not for any business or competitive purposes or for use in any other legal proceeding, except as permitted by Order of the Court, or as agreed by the parties. It shall be the duty of each party and each individual having notice of this Protective Order to comply with this Order from the time of such notice.

13. All deposition testimony that has not otherwise been designated as Confidential at the time of the deposition shall be treated as Confidential Information for thirty (30) days after the date of deposition. If any party wishes deposition testimony not designated as Confidential at the time of the deposition to be treated as Confidential thereafter, the party shall designate such testimony (by line and page number) and notify the other party in writing within ten (10) business days after receiving the deposition transcript.

14. All Confidential Information that is filed with the Court, and any pleadings, motions or other papers filed with the Court disclosing any Confidential Information, shall be filed under seal by submitting it in a sealed envelope containing the words "CONFIDENTIAL UNDER PROTECTIVE ORDER," or the equivalent, and a legend that identifies this action and this Protective Order. Any document or thing submitted in this manner will be maintained under seal until further Order of the Court. Where possible, only the confidential portions of filings with the Court shall be filed under seal.

### Miscellaneous

15. This Protective Order is intended to provide a mechanism for handling the disclosure or production of Confidential Information to which there is no objection other than confidentiality. Neither the agreement of the parties with respect to Confidential Information, nor the designation of any information, document, or the like as Confidential Information, nor the failure to make such designation shall constitute evidence with respect to any issue on the merits in this action. Nor shall this agreement limit the parties' right to object to the disclosure of Confidential Information on any other ground.

16. Nothing herein shall prevent any party, on notice to all other parties, from applying to the Court for a higher level of protection for any document, thing, or other information.

17. Nothing in this Protective Order shall bar or otherwise restrict any Outside Attorney or In-House Attorney as described in Paragraphs 9(a) and 9(d) herein, from rendering legal advice to his or her client with respect to this litigation and, in the course thereof, relying upon his or her examination of Confidential Information, provided, however, that in rendering

such advice and in otherwise communicating with his or her client, such person shall not make any disclosure of Confidential Information to any person not entitled to have access to it.

18.     Nothing in this Protective Order shall limit the parties' right to move for modification of this Protective Order generally or with respect to particular circumstances. This Protective Order may be amended with respect to (a) specific documents or items of Confidential Information or (b) persons to whom Confidential Information may be disclosed, including former employees of a party or other persons, by Order of the Court or by written agreement of the parties hereto. This Protective Order shall remain in force and effect until modified, superceded or terminated by Order of the Court.

19.     No party or person shall disclose or cause to be disclosed to anyone not specified in Paragraph 9 herein any information designated as Confidential Information under this Protective Order without prior written consent of the Designating Party or Order of the Court. If the Receiving Party learns that Confidential Information has been disclosed, through inadvertence or otherwise, to any person or party not authorized under Paragraph 9 of this Protective Order, then the Receiving Party shall use its best efforts to bind such person to the terms of this Protective Order and shall within five (5) business days from receiving knowledge of the disclosure: (a) inform such person of all the provisions of this Protective Order; (b) request that such person sign a Declaration (in the form attached as Exhibit 1 hereto); and (c) identify such person to the Designating Party. The executed Declaration shall be served promptly upon the Designating Party.

20.     No person designated in accordance with Paragraphs 9(b), 9(c) or 9(d) herein shall have access to Confidential Information without first signing a Declaration as described in Paragraph 11 herein. The original written Declarations shall be maintained by counsel for the

9

party obtaining them. Copies of all Declarations shall be provided promptly to the Designating Party at the time such Declarations are obtained.

21. Nothing contained in this Protective Order shall be construed to require production of any Confidential Information deemed by counsel for the party or non-party possessing such material to be privileged or otherwise immune from discovery. This shall not preclude any party from moving the Court for an Order compelling production or disclosure of such material.

22. Nothing contained in this Protective Order shall be construed to limit any party's rights (a) to use Confidential Information in taking depositions of the Designating Party or its experts, (b) to use Confidential Information in briefs, at trial or in any proceeding in this litigation, or (c) to disclose Confidential Information to any witness at a deposition or at trial who wrote (in-whole or in-part), received or who has had or who would have access to such information during their employment with the Designating Party. However, any Confidential Information so used shall not lose its confidential status through such use and its confidentiality shall be protected in conformance with this Protective Order. Further, nothing herein may be construed to waive or permit the disclosure of any attorney client privileged, work product or similarly protected information.

23. Nothing herein shall prevent a Receiving Party from challenging the Confidential designation of any document, thing or other information. A party challenging such designation shall notify all other parties in writing. If the Designating Party does not agree to remove or change the Confidential designation, then the party challenging the designation may move the Court to be relieved from the restrictions of this Protective Order with respect to that document, thing or information. The Designating Party then has the burden of proving that its designation

was appropriate. No disclosure of any information whose confidentiality is disputed shall be made until the Court issues a ruling permitting such disclosure, or the party claiming confidentiality withdraws that claim in writing.

24. The inadvertent disclosure of Confidential Information by the Designating Party, either by production of documents or things or through testimony at deposition, regardless of whether the information was designated as Confidential at the time of disclosure, shall not be deemed a waiver in-whole or in-part of the Designating Party's claim of confidentiality, as to the specific information disclosed or as to any other information concerning the same or related subject matter.

25. The inadvertent production of documents or information subject to the attorney-client privilege, work-product immunity, or other privilege (despite the parties' reasonable efforts to prescreen such documents and information prior to production) shall be without prejudice to any claim that such material is privileged or protected from discovery. No party will be held to have waived any rights by such inadvertent production if the Designating Party gives prompt notice to all other parties that it is asserting a claim of privilege or other objection with respect to such document or other information upon learning of the inadvertent production. Once the Receiving Party has received notice of the claim of inadvertent production, the Receiving Party shall not review, copy, disseminate, or otherwise use the inadvertently produced document or information in any manner, except to the extent necessary to oppose a motion by the Designating Party to establish its claim of privilege or to support its own motion for production of that document, until the issue of whether the document or information is privileged or otherwise protected has been resolved by the parties or by the Court. The parties shall first determine whether there is agreement as to the Designating Party's claim of privilege or other

objections. If agreement cannot be reached, the burden shall be on the Designating Party to file a motion with the Court and establish its claim of privilege. If the inadvertently produced document or information is deemed privileged or otherwise protected, the Receiving Party shall return such document or information and any copies to the Designating Party, or shall destroy such documents or information and all copies, abstracts, excerpts, analyses or other writings that contain, reflect, reveal, suggest or otherwise disclose such documents or information within five (5) business days of final resolution and notify the Designating Party in writing that such documents or information and all copies, abstracts, excerpts, analyses or other writings that contain, reflect, reveal, suggest or otherwise disclose such documents or information have been destroyed.

26. By entering this Protective Order and limiting the disclosure of information in this case, the Court does not intend to preclude another court from finding that the same information may be relevant and subject to disclosure in another case. In the event that a Receiving Party (a) is subpoenaed in another action, (b) is served with a demand in another action to which it is a party, or (c) is served with any other legal process by a person not a party to this litigation, and is requested to produce or otherwise disclose Confidential Information that was so designated by a Designating Party, the Receiving Party subpoenaed or served as referred to in this paragraph shall object to production of the Confidential Information and shall give prompt written notice to the Designating Party. Should the person seeking access to the Confidential Information take action against the Receiving party to enforce such a subpoena, demand or other legal process, the Receiving Party shall respond by setting forth the existence of this Protective Order. Nothing in this Order shall be construed as requiring the Receiving Party to challenge or appeal any order requiring production of Confidential Information covered by this Protective Order, to subject

itself to any penalties for noncompliance with any legal process or order, or to seek any relief from this Court.

27. Within ninety (90) days after the final termination of this action (including all appeals), all documents, objects, and other materials produced as or designated as Confidential Information, including extracts or summaries thereof, and all reproductions thereof, shall be returned to the Designating Party or shall be destroyed, at the option of counsel in possession of such copies, with the following exceptions: copies of papers submitted to the Court (including exhibits); deposition, hearing or trial transcripts; exhibits of record; and one copy of documents and things produced by the parties or non-parties in this case that may be retained by Outside Attorneys. If the materials are destroyed, counsel responsible for the destruction shall within one-hundred and twenty (120) days after the final termination of this action (including all appeals) certify to counsel for the Designating Party that destruction has taken place.

28. This Protective Order shall continue in effect after termination of this action and continue to be binding upon all persons, including, but not limited to, their successors in interest and assigns, to whom Confidential Information is disclosed hereunder.

29. For any notice required under this Protective Order, notice shall be directed in writing (by facsimile and next business day courier delivery) to named counsel for the party designated to receive such notice at the addresses indicated below, unless this provision is modified by the parties in writing. All written notices to Plaintiff should be directed to the attention of Brian P. Murphy at Morgan, Lewis & Bockius LLP, and all written notices to Defendants shall be directed to the attention of Steven Lieberman at Rothwell, Figg, Ernst & Manbeck.

AGREED AS TO FORM AND SUBSTANCE:

Dated: October 23, 2007

For Plaintiff
GLAXO GROUP LIMITED

By: _____
Brian P. Murphy (BM-5160)
David Leichtman (DL-7233)
Thomas J. Puppa (TP-7161)
MORGAN, LEWIS & BOCKIUS LLP
101 Park Avenue
New York, NY 10178-0060
(212) 309-6000
(212) 309-6001 (facsimile)

*Attorneys for Plaintiff Glaxo Group Limited*

Dated: October 23, 2007

For Defendant
CYPRESS PHARMACEUTICAL, INC.

By: _____
Steven Lieberman
Minaksi Bhatt
Glenn E. Karta
Thomas D. Lyford
ROTHWELL, FIGG, ERNST & MANBECK
1425 K Street, N.W., Suite 800
Washington, D.C. 20005
(202) 783-6040

Eric Seiler
FRIEDMAN KAPLAN SEILER & ADELMAN LLP
1633 Broadway, 46th Floor
New York, NY 10019-6708
(212) 833-1100

*Attorneys for Defendant Cypress Pharmaceutical, Inc.*

SO ORDERED this 11/1/07 day of ~~October~~ 2007.

_____
UNITED STATES DISTRICT JUDGE

14

**EXHIBIT 1**

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------x
GLAXO GROUP LIMITED,                    :
                                        :
          Plaintiff,                    :
                                        :
     v.                                 :      2007 Civ. 6012 (RJH)
                                        :
CYPRESS PHARMACEUTICAL, INC.,           :
                                        :
          Defendant.                    :
                                        :
------------------------------------------------------------x

**DECLARATION OF COMPLIANCE WITH THE PROTECTIVE ORDER**

    I, _____, being duly sworn, state that:

    1.    My present residential address is _____

_____.

    2.    My present employer is _____, and
the address of my present employer is _____

_____.

    3.    My present occupation or job description is _____

_____.

    4.    A copy of my current resume or *curriculum vitae* is attached hereto if I am an individual described in Paragraph 9(c) of the Protective Order.

    5.    I have received and carefully read the Protective Order dated _____

_____, 2007 and understand its provisions. Specifically, I understand that I am

1

obligated, under Order of the Court, to hold in confidence and not to disclose the contents of any document marked "CONFIDENTIAL UNDER PROTECTIVE ORDER," or by similar designation, to anyone other than those persons identified in Paragraph 9 of the Protective Order. I further understand that I am not to disclose to persons, other than those persons identified in Paragraph 9 of the Protective Order, any words, substances, summaries, abstracts or indices of Confidential documents or transcripts disclosed to me. I will only use the Confidential Information for the purposes of this lawsuit, and I will never use the Confidential Information, directly or indirectly, in competition with the Disclosing Party, nor will I permit others to do so. In addition to the foregoing, I understand that I must abide by all of the provisions of the Protective Order.

6. At the termination of this action or at any time requested by counsel, I will destroy or return to counsel for the party by whom I am employed or to counsel by whom I am employed all documents and other materials, including notes, computer data, summaries, abstracts, or any other materials including or reflecting Confidential Information which have come into my possession, and will destroy or return all documents or things I have prepared relating to or reflecting such information.

7. I understand that if I violate the provisions of the Protective Order, I will be in violation of a Court Order and subject to sanctions or other remedies that may be imposed by the Court and potentially liable in a civil action for damages by the Disclosing Party.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Executed on: _____   _____